PER CURIAM.
Appellant challenges an order finding him in violation of community control and committing him to a moderate-risk level juvenile facility. As the State acknowledges, the trial court failed to conduct an adequate inquiry into whether appellant’s waiver of counsel was freely and intelligently made and failed to renew an offer of appointed counsel at the disposition hearing. See Fla. R. Juv. P. 8.165. We therefore reverse. See L.Y.H. v. State, 677 So.2d 96 (Fla. 1st DCA 1996); In Interest of D.L.A., 667 So.2d 330 (Fla. 1st DCA 1995). Where a trial court fails to comply with Rule 8.165, we have directed:
On remand, the trial court shall advise appellant fully regarding his right to counsel and, should appellant indicate a desire to waive that right, ensure, by a “thorough inquiry,” that such waiver is freely and intelligently made. After having done so, the trial court shall afford appellant the opportunity to plead anew to the charges made in the petition.
In Interest of D.L.A, 667 So.2d at 330.
BOOTH, MINER and KAHN, JJ., CONCUR.